UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 6:23-CR-00290** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **SHANONE CHATMAN-ASHLEY** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## ORDER

Before the Court is a MOTION FOR RECONSIDERATION (the "Motion") filed by Defendant Shanone Chatman-Ashley ("Defendant"), in which Defendant asks this Court to reconsider her sentence of 18 months. [Doc. 89]. For the reasons that follow, Defendant's Motion is DENIED.

On May 1, 2025, a jury found Defendant guilty of five counts of health care fraud in violation of 18 U.S.C. §§ 1347 and 2. [Doc. 65]. At a sentencing hearing on September 2, 2025, the Court sentenced Defendant to 18 months in prison and three years of supervised release. [Doc. 84]. Defendant filed a notice of appeal of the verdict, conviction, judgment, and sentence on September 16, 2025, appealing from, *inter alia*, the overruling of Defendant's objections to the Pre-Sentence Investigation Report and "[t]he sentence in this case . . . rendered on September 2, 2025." [Doc. 87]. That appeal remains pending. In the instant Motion, Defendant seeks a sentence of home confinement and/or probation, arguing similarly situated defendants in other jurisdictions have been sentenced to home confinement and/or probation for similar or more severe offenses. She also attaches six letters of reference as to her good character, which were not included with her sentencing memorandum prior to her sentencing.

Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Lucero*, 755 F. App'x 384, 386 (5th Cir. 2018) (unpublished), *citing Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam); *see also Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 378–79, 105 S. Ct. 1327, 84 L.Ed.2d 274 (1985). "The general rule is that a case can exist only in one court at a time, and a notice of appeal permanently transfers the case to us until we send it back." *Lucero*, 755 F. App'x at 386–87. And "an appeal of a judgment determining the entire action divests the district court of jurisdiction, while that appeal is pending, over any further matters for that action, 'except in aid of the appeal or to correct clerical errors.'" *United States v. Pena*, 713 F. App'x 271, 272–73 (5th Cir. 2017) (per curiam), *quoting Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir. 1984).

There are exceptions to the general one-court-at-a-time rule. For example, in a subsection titled "Jurisdiction," Appellate Rule 4(b)(5) carves out a single exception for Rule 35(a): "The filing of a notice of appeal ... does not divest a district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a)."[1] Fed. R. App. P. 4(b)(5). Similarly, Appellate Rule 4(b)(3) effectively tolls the appeal period for motions filed under Rules 29, 33, and 34 until those motions are

---

[1] Rule 35(a) allows the correction of clear legal error, as follows: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35.

resolved in the district court. Fed. R. App. P. 4(b)(3)(A)–(B).[2] And in *Lucero*, the Fifth Circuit specifically held that the general one-court-at-a-time rule applies to Rule 36, that is, in a criminal case, an effective notice of appeal divests the district court of jurisdiction, and a district court cannot use a Rule 36 motion to reacquire jurisdiction and entertain a later-filed motion to correct a clerical error. 755 F. App'x at 387.

Significantly, the Defendant fails to identify the governing statutory or jurisprudential rule governing the relief she requests in her Motion. Nevertheless, it appears clear to the Court that the Defendant does not seek relief under Rule 35(a) and given that she did not timely file any motion under Rules 29, 33, and 34 prior to filing her notice of appeal, this Court is divested of jurisdiction to adjudicate the instant Motion under *Griggs* and its progeny.[3]

Under Fed. R. Crim. P. 37(a), if a court lacks authority to grant a motion because of a pending appeal, the court may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals

---

[2]   18 U.S.C. § 3582(c) allows sentence modification under certain specific circumstances, none of which appear to be involved here. Furthermore, even if § 3582 gives a district court the *authority* to re-sentence a criminal defendant, it does not give that court the *jurisdiction* to do so after the defendant has already filed his notice of appeal. *See United States v. Willis*, 76 F.4th 467, 473 (5th Cir. 2023), *citing United States v. Lopez*, 26 F.3d 512, 515 n.3 (distinguishing a district court's general "authority" to act under § 3582(c) from its "jurisdiction" to do so at a specific time).

[3]   The Court is aware of *United States v. Greenwood*, 974 F.2d 1449 (5th Cir. 1992), in which the Fifth Circuit upheld a corrected sentence entered after the defendant filed a notice of appeal. As an initial matter, this Court notes *Greenwood* precedes *Griggs* and therefore, may be of limited utility in light of *Griggs*. Furthermore, *Griggs*, a civil case involving a Rule 59 motion for new trial, has been explicitly held to apply in criminal cases. *See, e.g., Lucero*, 755 F. App'x at 386. In light of more recent Fifth Circuit jurisprudence reinforcing the rule of *Griggs* in criminal cases, the Court finds *Griggs* controlling under the circumstances of this case.

remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a).

Considering the foregoing, this Court lacks jurisdiction over Defendant's Motion while Defendant's sentence is on appeal, because the Defendant's appeal—like the instant Motion—challenges the procedural and substantive reasonableness of her sentence. *See Griggs*, 459 U.S. at 58. Furthermore, out of an abundance of caution, even if this Court were to determine that it has jurisdiction to alter or amend her sentence, the Court would decline to do so. While the Court appreciates the letters that were submitted by the Defendant and the arguments contained in her Motion, the Court fully considered all factors under 18 U.S.C. § 3553(a) in crafting the sentence imposed on September 2, 2025, and concludes that the sentence imposed is appropriate.

Considering the foregoing, and pursuant to Rule 37(a) of the Federal Rules of Criminal Procedure,

IT IS HEREBY ORDERED that the Defendant's MOTION FOR RECONSIDERATION [Doc. 89] is DENIED.

THUS, DONE AND SIGNED in Chambers on this 2nd day of October 2025.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE